UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Freddy Valarezo, individually and on behalf of all others similarly situated;<br><br>                    Plaintiff,<br><br>-v.-<br><br>Dynamic Recovery Solutions, LLC; and<br>LVNV Funding LLC<br><br>                    Defendant(s). | Civil Action No: 3:22-cv-5219<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Freddy Valarezo (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through her attorneys, Horowitz Law, PLLC, against Defendants Dynamic Recovery Solutions, LLC (hereinafter "Defendant" or "DRS" or "Defendant DRS") and LVNV Funding LLC (hereinafter "Defendant" or "LVNV" or "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws "were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant DRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon its registered agent, National Registered Agents inc. of New Jersey at 820 Bear Tavern Road, West Trenton, NJ 08628.

9. Upon information and belief, Defendant DRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon its registered agent, Corporation Service Company, 100 Charles Ewing Blvd., Trenton, NJ 08628.

11. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   1) all individuals with addresses in the State of New Jersey;

   2) to whom Defendant DRS sent an initial collection letter attempting to collect a consumer debt;

   3) that included confusing, misleading terms regarding the balance due;

   4) and failed to include mandatory disclosures that interest, fees and costs are continuously accruing, or in the alternative, the creditor/and or Defendant has made the decision to waive accruing interest and fees;

5) which letter was sent on or after one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and §1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

1) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

2) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and §1692g.

3) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

4) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

5) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to August 1, 2022 an obligation was allegedly incurred to HSBC Bank USA, N.A.

23. The HSBC Bank USA, N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

24. The alleged HSBC Bank USA, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. HSBC Bank USA, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Defendant LVNV, a debt collector, purchased the debt from HSBC Bank USA, N.A. and contracted with Defendant DRS to collect the alleged debt.

27. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<u><i>Violation – August 1, 2022 Collection Letter</i></u>

28. On or about August 1, 2022 Defendant DRS sent Plaintiff an initial collection letter on behalf of Defendant LVNV (the "Letter") regarding the alleged debt once owed to HSBC Bank USA, N.A. **See Collection Letter – Attached hereto as Exhibit A.**

29. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

1) the amount of the debt;

2) the name of the creditor to whom the debt is owed;

3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address

of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

30. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

31. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

32. The Letter includes a table containing information regarding the alleged debt as follows:

| As of July 31, 2008, you owed | | $2,755.79 |
|---|---|---|
| Between July 31, 2008 and today: | | |
| You were charged this amount in interest: | + | $3,406.97 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were creditied this amount towad the debt. | - | $0.00 |
| **Total amount of debt now.** | | $6,162.76 |

33. The Letter did not contain all the requirement of the "G-Notice". Specifically, this Letter fails to identify the exact amount of the debt owed.

34. The Letter fails to explain how interest can continue to accrue on an account after it has been charged-off.

35. In addition, the Letter does not disclose to Plaintiff if the supposed post charge-off interest have accrued will continue to accrue.

36. Failure to account for the accrual of interest or the breakdown of the same is deceptive and misleading as Plaintiff is unable to determine whether interest would continue to accrue until the debt is settled.

37. If interest will continue to accrue during the collection process, the collection letter must explicitly state so:

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> ***Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.*** We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts. (Emphasis Added)

Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76, 2016 U.S. App. LEXIS 5327, *6-7 (2d Cir. N.Y. 2016)

38. Furthermore, if the account is including interest, the balance claimed due and owing in the Letter may not be the amount due at the time of payment because of additional interest applied to the account.

39. In the alternative, if interest is not continuing to accrue post charge-off then Defendants should state that the interest provided is a onetime charge.

40. A collection Letter must clearly display the balance owed, the confusing added interest makes it impossible for a consumer to know how much is owed and if the debt will be considered paid if payment in full is made.

41. The confusing and misleading added amounts overshadows the "g-notice" language and coerces the consumer not to exert his rights under the Fair Debt Collection Practices Act.

42. Stating inaccurate balance amounts is materially misleading to Plaintiff since it is a knowingly false statement.

43. Defendant's false statement overshadowed Plaintiff's §1692g right to dispute or validate the debt as he would be confused regarding the correct balance owed.

44. The Defendants have failed to provide the consumer with a statutorily compliant initial communication letter.

45. Defendant's improper collection actions led the Plaintiff's to believe that the Letter was fraudulent, or at least suspect, in whole or in part.

46. Plaintiff was confused as to whether the Letter was froma legitimate creditor, a fraudulent wrongdoer hopint to induce erroneous payment, or for a debt that already satisfied.

47. The unexplained interest casue the Plaintiff to fear that the Letter was a scam.

48. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

49. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing for a lawsuit in American courts.

50. As it relates to this case, the common-law analogues are to the tradional torts of misrepresentation, intimidation, negligent infiliction of emotional distress, and fraud.

51. For purposes, of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

52. Because of the Defendant's improper collection actions, Plaintiff was unable to properly respond to the Letter.

53. Because he was unable to ascertain from the Letter the true balance and whether it was increasing, Plaintiff does not know if the amount of his obligation is static or dynamic.

54. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is getting bigger (dynamic) and one of which will never get bigger (static), Plaintiff would pay the dynamic debt first.

55. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct interest charge, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

56. Plaintiff was therefore unable to make payment on the debt.

57. Because of the Defendant's improper collection actions, Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had the Defendant DRS' Letter not contained false, deceptive mileading, and/or unfair content.

58. Plaintiff was confused as to the debt and the amount involved here and how this implicates his alleged responsibilities for making payment thereon.

59. Plaintiff was concerned and confused by the Letter.

60. Plaintiff was therefore unable to evaluate his options concerning how to handle this debt.

61. Because of this, Plaintiff expended time, money, and effort in determing the proper course of action.

62. In addition, Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendant's misrepresentations and omissions concerning the legal status of the debt.

63. Defendant's violations were knowing, willful, negligent, and/or intentionl, and the Defendant did not maintain procedures reasonably adopted to avoid any such violation.

64. Deendant's collection efforts with respect to this alleged debt from the Plainitff caused the Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides the Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

65. Defendant's false, deceptive, misleading, and/or unfair representations with respect to its collection efforts were material misrepresentation that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

66. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond or handle the Defendant's debt collection.

67. Defendant's actions led the Letter's recipient to suspect fraudulent intent by the debt collector.

68. Plaintiff was confused and misled to his detriment by the statement in the Letter, and relied on the contents of the Letter o his detrminet.

69. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

70. As a result of the Defendnat's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

71. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Defendants violated said section by:

    a. Making a false and misleading representation in violation of § 1692e(10);

    b. Falsely representing the character amount or legal status of the debt in violation of §1692e(2);

    c. Making statement that are open to more than one reasonable interpretation, at least one of which is inaccurate.

75. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant DRS and Defendant LVNV's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

76. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

77. Defendant's debt collection efforts attempted and/or directed toward Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

78. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

79. Defendant violated this section by

   a. Unfairly adding additional interest after charge-off, when no interest post charge-off are allowed by contract or law; and

   b. Failing to state whether interest and fees will continue to accrue.

80. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

81. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

82. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

83. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice.

84. Although Defendants provided the required §1692g notices, Defendants violated 15 U.S.C. §1692g by:

   a. Failing to advise Plaintiff as to the basis for the additional interest and therefore not properly identifying the amount of the debt as is required by 1692g(a)(1);

   b. Unlawfully adding post charge-off that overshadowed the "G-Notice" language and coerces the consumer not to exert if rights to dispute under the FDCPA; and

   c. In the alternative, for its failure to advise Plaintiff that no additional interest would accure.

85. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

86. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Freddy Valarezo, individually and on behalf of all others similarly situated, demands judgment from Defendant DRS and Defendant LVNV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 24, 2022

        Horowitz Law, PLLC

        /s/ *Uri Horowitz*
        By: Uri Horowitz
        14441 70th Road
        Flushing, NY 11367
        Phone: (718) 705-8706
        *Attorneys For Plaintiff*